UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEVEN SOPTIC, HEATHER FITZ-PATRICK, JESSICA MOTA, RYAN CADDELL, TARA HARLAN, and PATRICIA PETERSON,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHWESTERN BELL TELEPHONE L.P., a/k/a AT&T COMMUNICATIONS OF TEXAS, LLC, a/k/a AT&T SOUTHWEST; and AT&T SERVICES, INC.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>4:20-00302-CV-W-BP<br><br>HON. BETH PHILLIPS |

**JOINT MOTION FOR LEAVE TO FILE**
**SETTLEMENT AGREEMENT UNDER SEAL**

Plaintiffs Steven Soptic, Heather Fitzpatrick, Jessica Mota, Ryan Caddell, Tara Harlan, and Patricia Peterson and Defendants Southwestern Bell Telephone L.P. and AT&T Services, Inc. (collectively, the "Parties") jointly move this Court for leave to file under seal the Confidential Settlement Agreement and Release ("Settlement Agreement"). The Parties are contemporaneously filing their Joint Suggestion in Support of Joint Motion for Approval of Settlement Agreement, to which the Settlement Agreement is Exhibit A.[1]

**LEGAL STANDARD**

A court has supervisory powers over its own records, and thus this Court has discretion to allow the Parties to file certain documents under seal. *See Webster Groves Sch. Dist. v. Pulitzer*

---

[1] The Parties will include a placeholder for Exhibit A with their filing and a notation in the filing that this motion to seal is pending.

*Publ'g Co.*, 898 F.2d 1371 (8th Cir. 1990). The decision of whether court records should be sealed is one committed to the sound discretion of the trial court. *Id.* at 1374. In exercising its discretion to seal judicial records in civil proceedings, a court balances "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).

## ARGUMENT

The Settlement Agreement contains terms and provisions which, if disclosed, would defeat an important purpose of the agreement, which was to resolve the parties' disputes and claims in a confidential manner. Confidentiality was, and is, a key, material term of the resolution of this matter. It was expressly agreed to and bargained for by the Parties. Indeed, if parties could not settle disputed matters while protecting the confidentiality of personal and business sensitive information, it would chill the ability of parties to reach efficient negotiated resolutions of disputes. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) ("[H]onoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage"). In order to maintain the confidentiality of the Settlement Agreement, while at the same time presenting the Settlement Agreement to the Court for review and approval, the Parties jointly seek leave of the Court to file the full, unredacted Settlement Agreement under seal.

For these reasons, courts in this District and Circuit routinely permit parties to file FLSA settlement documents under seal when requested by the parties. *See, e.g., Fast v. Applebee's Int'l, Inc.*, No. 06-4146 (W.D. Mo. Aug. 31, 2012, and Nov. 1, 2012) (Laughrey, J.) (Doc. Nos. 377 and 383); *Johnson v. General Mills, Inc.*, No. 10-1104 (W.D. Mo. Oct. 28, 2011, and Feb.

23, 2012) (Dorr, J.) (Doc. Nos. 54 and 59); *Dernovish v. AT&T Operations, Inc.*, No. 09-15 (W.D. Mo. Feb. 7, 2011) (Smith, J.) (approving confidentiality of the financial terms of the settlement agreement); *Brown v. Reddy Ice Corp.*, No. 4:14CV1786 RLW (E.D. Mo., May 19, 2016); *Sanderson v. City of Potosi*, Case No. 4:13-CV-1457 NAB (E.D. Mo., May 3, 2016); *Collins v. Veolia ES Indus. Servs., Inc.*, No. 4:15-CV00743-AGF (E.D. Mo., Apr. 1, 2016); *Herbst v. Ressler & Assocs.*, Inc., No. 4:13-CV-2327 CAS (E.D. Mo., May 21, 2015); *Williams v. BPV Mkt. Place Investors, L.L.C.*, No. 4:14-CV-1047 CAS (E.D. Mo., Oct. 7, 2014); *Fry v. Accent Marketing Services, Inc.*, No. 4:13 CV 59 CDP (E.D. Mo. Jan. 27, 2014) ("[T]he interests of justice weigh in favor of approving the parties' settlement agreement and allowing it to remain filed under seal.").

WHEREFORE, the parties pray for leave to file Exhibit A to the Parties' Joint Suggestion in Support of Joint Motion for Approval of Settlement Agreement under seal and for such other and further relief as the Court deems proper.

Date: November 9, 2020

*/s/   Jeffrey Grant Brown*
**JEFFREY GRANT BROWN***
Illinois Bar No. 6194262
jeff@JGBrownlaw.com
Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
65 West Jackson Blvd., Suite 107
Chicago, IL 60604
Tel: 312.789.9700
Fax: 312.789.9702

**GLEN J. DUNN, JR.***
Illinois Bar No. 6274852
GDunn@GJDlaw.com
Glen J. Dunn & Associates, Ltd
121 West Wacker Drive, Suite 1414
Chicago, IL 60601
Tel: 312.546.5056
Fax: 312.546.5058

**J. DEREK BRAZIEL***
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar St. Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

*Admitted Pro Hac Vice*

**ROWDY B. MEEKS**
Rowdy B. Meeks, MO #48349
**ROWDY MEEKS LEGAL GROUP LLC**
8201 Mission Rd., Suite 250
Prairie Village, KS 66208
Telephone: 913 766-5585
Facsimile: 816 875-5069
Rowdy.Meeks@rmlegalgroup.com

**COUNSEL FOR PLAINTIFFS**

Respectfully submitted,

*/s/ Karl G. Nelson*
Karl G. Nelson
   admitted pro hac vice
Ashley E. Johnson
   admitted pro hac vice
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2900
KNelson@gibsondunn.com
AJohnson@gibsondunn.com

Kathleen M. Nemechek
   MO Bar #50139
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Tel: (816) 561-7007
Fax: (816) 561-1888
knemechek@berkowitzoliver.com

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's ECF system as of the date file-stamped thereon.

*/s/ Karl G. Nelson*
Counsel for Defendants
